McDONNELL CROWLEY, LLC
115 Maple Avenue
Red Bank, New Jersey 07701
(732) 383-7233
Brian T. Crowley
bcrowley@mchfirm.com
*Counsel to John M. McDonnell,
Chapter 7 Trustee*



Order Filed on June 26, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>H&J VENTURES, LLC,<br><br>Debtor. | Case No. 16-25638 (MBK)<br><br>Honorable Michael B. Kaplan<br><br>Chapter 7 |

### STIPULATION AND CONSENT ORDER

The relief set forth on the following page, numbered two (2) through thirteen (13), is hereby **ORDERED**.

**DATED: June 26, 2019**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Debtor: H&J Ventures, LLC
Case No.: 16-25638 (MBK)
Caption of Order: Stipulation and Consent Order

---

**THIS STIPULATION AND CONSENT ORDER** (the "Stipulation and Consent Order") is entered into by and between John M. McDonnell, the chapter 7 trustee (the "Trustee"), not individually or personally, but as the Trustee for the estate of H&J Ventures, LLC[1], the chapter 7 debtor (the "Debtor"), by and through his counsel, McDonnell Crowley, LLC, and Pier House Capital, LLC (the "Buyer" and together with the Trustee, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on August 15, 2016 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"). *See* Docket No. 1; and

WHEREAS, on August 15, 2016 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). *See* Docket No. 1; and

WHEREAS, on August 16, 2016, the Trustee was appointed, has duly qualified and is acting in that capacity. *See* Docket No. 2; and

WHEREAS, by Order of the Bankruptcy Court dated September 8, 2016, McDonnell Crowley, LLC, was authorized as counsel to the Trustee. *See* Docket No. 28. Additionally, by Order of the Bankruptcy Court dated September 22, 2016, Perkins Coie, LLP, was authorized as co-special counsel to the Trustee. *See* Docket No. 33; and

---

[1] D/B/A Turnstyles Ticketing.

WHEREAS, the Debtor's 341(a) meeting of creditors (the "341 Meeting") was held on September 16, 2016; and

WHEREAS, based upon information and belief, prior to the Petition Date the Debtor operated a ticketing agent service, whereby the Debtor would assist in the sale process of various ticketed events. Some of these services included ticket sales on behalf of various third party clients; and

WHEREAS, based upon information and belief, the Trustee is in the process of moving these proceedings to closure and finalizing the administration of the estate; and

WHEREAS, based upon information and belief, at the time of the Effective Date (as defined below) and continuing into the future, there may be property of the estate remaining, consisting of unknown assets and/or claims which have not been previously sold, assigned, transferred, abandoned, and/or otherwise administered (the "Remnant Assets"); and

WHEREAS, the Remnant Assets specifically and expressly **exclude certain assets** (the "Excluded Estate Assets)which are as follows:(a) all cash held by the Trustee and/or funds on deposit in bank accounts at the time of the Effective Date and earmarked for distribution to creditors and/or payment of professional fees, as well as all cash, funds, and amounts that are now and/or become deposited to the Trustee's estate bank account (ending in Account No. ending in 7800 at Rabobank, and cash held in any other bank accounts at the time of the Effective Date by the Trustee; (b) the Purchase Payment (as hereinafter defined) to be delivered pursuant hereto; (c) any and all funds related in any way to the *John M. McDonnell, as Chapter 7 Trustee, for the Estate of H&J Ventures, LLC, Plaintiff v. Spectrum Services USA, Jeff Weekley, and Jerome Johnson, Defendants*, Adv. Pro. No.17-1208 (MBK) (the "Spectrum Litigation"). Monies related to the Spectrum Litigation include a gross settlement of $75,000 of which approximately $15,000 remains outstanding payments due the estate. The express intent of the Parties is that the funds recovered from the Spectrum Litigation be considered

Excluded Estate Assets; and (d) all amounts to be received by the Trustee in connection with these proceedings prior the closure of the Debtor's bankruptcy case; and

WHEREAS, on Schedule "A/B" of its Petition, the Debtor lists a "[c]laim against Universal Capital Management, Inc." for "[b]reach of contract" with a designated value of $7,800,000; and

WHEREAS, the Trustee asserts, based upon the Debtor's Petition, and books and records provided by the Debtor, the total original principal amount owed to the Debtor was $7,800,000 (the "Original MLF Outstanding Amounts Owed") from Major League Football[2] ("MLF") pursuant to the terms of an agreement titled *Agreement Between H & J Ventures, LLC and Major League Football LLC* dated October 1, 2014 (the "MLF Agreement"), whereby the MLF was the "Obligor" to the Debtor who is the "Obligee"; and

WHEREAS, on March 31, 2017, the Trustee filed a complaint (the "MLF Complaint") administered under Adversary Proceeding No. 17-01239 (MBK) (the "MLF Adversary Proceeding"), asserting, *inter alia*, the turnover of Original MLF Outstanding Amounts Owed from MLF, pursuant to, among other things, sections 502, 541, and 542 of the Bankruptcy Code, and claims for breach of contract, book account, compensatory damages, and unjust enrichment, and other applicable state law. *See* Adv. Proc. Docket No. 1 at Adversary Proceeding No. 17-01239 (MBK); and

WHEREAS, on September 13, 2019 the Bankruptcy Court entered a Stipulation and Consent Order between the Trustee and MLF as to the MLF Adversary Proceeding with MLF whereby MLF agreed to pay the Trustee the sum of $50,000 by August 31, 2018 or consented to judgment in the amount of $70,000 (the "MLF Judgment"). MLF failed to pay the $50,000 settlement payment to the

---

[2] d/b/a Universal Capital Management, Inc.

Debtor:       H&J Ventures, LLC
Case No.:    16-25638 (MBK)
Caption of Order:   Stipulation and Consent Order

---

Trustee and on November 5, 2019, the Bankruptcy Court entered a Final Judgment and Consent Order against MLF in favor of the Trustee/the estate; and

WHEREAS, the MLF Judgment and any and all claims and/or causes of action related to the is expressly being sold to the Buyer and is part of the Remnant Assets; and

WHEREAS, as an enticement to the estate and a condition of this proposed sale, the Buyer expressly agrees to use all reasonable efforts to attempt to collect on the MLF Judgment; and

,WHEREAS, the Buyer further agrees that if it recovers more than the aggregate amount of $10,000 from the sale or liquidation of the Remnant Assets to advise the Trustee and all net recoveries greater than $10,000 (less expenses) will be split of a fifty (50)/fifty (50) percentage basis between the Buyer and the Trustee/the estate. It will be the responsibility of the Buyer to advise the Trustee of any recoveries made over in the aggregate amount of $10,000 from the Remnant Assets. Should the Debtor's bankruptcy estate be closed the Buyer will still contact the Trustee and consents to the Trustee filing a motion to re-open the Debtor's bankruptcy case; and

***WHEREAS, the Parties note, the Trustee has advised the Buyer, that the Remnant Assets have an unknown value, if any; and***

WHEREAS, the Trustee and the Buyer, a good faith purchaser, have engaged in negotiations whereby the Trustee will sell to the Remnant Assets. The proposed sale is also subject to higher and better offers; and

NOW THEREFORE, relying specifically on the foregoing recitals, and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1.    The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of, this Stipulation and Consent Order.

Debtor: H&J Ventures, LLC
Case No.: 16-25638 (MBK)
Caption of Order: Stipulation and Consent Order

---

2. This Stipulation and Consent Order and all of the terms and conditions herein are hereby APPROVED in their entirety pursuant to applicable provisions of the Bankruptcy Code and Bankruptcy Rules. In addition, any actions of the Parties to this Stipulation and Consent Order necessary to consummate the transactions contemplated by the Stipulation and Consent Order also are APPROVED.

3. This Stipulation and Consent Order is subject to approval by the Bankruptcy Court and shall become effective on the date it is approved by the Bankruptcy Court (the "Effective Date").

4. The Buyer shall pay to the Trustee the sum of $250(the "Purchase Payment") within seven (7) days of the Effective Date. The Buyer shall make the Purchase Payment by issuing a check payable to *"John M. McDonnell, Trustee for H&J Ventures, LLC"* and delivering it to the following address:

**Brian T. Crowley, Esq.**
**McDonnell Crowley, LLC**
**115 Maple Avenue**
**Red Bank, New Jersey 07701**

5. The Buyer expressly agrees to use all reasonable efforts to attempt to collect on the MLF Judgment and any claims and/or causes of against MLF.

6. The Buyer agrees that if it recovers more than the aggregate amount of $10,000 from the sale or liquidation of the Remnant Assets to advise the Trustee and all net recoveries greater than $10,000 will be split equally between the Buyer and the Trustee. It will be the responsibility of the Buyer to advise the Trustee of any recoveries made over in the aggregate amount of $10,000 from the Remnant Assets. Should the Debtor's bankruptcy estate be closed the Buyer will still contact the Trustee and consents to the Trustee filing a motion to re-open the Debtor's bankruptcy case.

| | |
|---|---|
| Debtor: | H&J Ventures, LLC |
| Case No.: | 16-25638 (MBK) |
| Caption of Order: | Stipulation and Consent Order |

7. The Buyer does hereby expressly and unconditionally waive any and all rights and/or claims to the Purchase Payment.

8. The Purchase Payment shall be considered an asset of the estate to be used for the benefit of the estate's creditors.

9. As of the Effective Date, the transfer of the Remnant Assets to the Buyer constitutes a legal, valid, and effective transfer of the Remnant Assets; and shall vest the Buyer with all the estate's right, title, and interest in and to the Remnant Assets.

10. As of the Effective Date, the Trustee, not individually or personally, but as the Trustee of the Debtor's estate, irrevocably and unconditionally sells, assigns, transfers, and conveys to the Buyer all of the Trustee's right, title, and interest under, in, and to the Remnant Assets, including but not limited to the MLF Judgment and any and all claims and/or causes of auction related to MLF, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments, accounts receivable, claims, judgments, causes of actions, and/or other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

11. The Trustee further agrees that any payments received by the Trustee on account of any Remnant Assets shall constitute property of the Buyer to which Buyer has a right, and that the Trustee will promptly deliver such payment to the Buyer.

12. The Trustee and the Trustee's retained professionals shall have no obligation to provide information and/or documents to the Buyer except as specifically set forth in this Stipulation and Consent Order.

13. Noting in this Stipulation and Consent Order shall be constructed as the transferring of any interest in the Excluded Estate Assets to any third party and/or the Buyer and/or affecting the

(Page 8)

| | |
|---|---|
| Debtor: | H&J Ventures, LLC |
| Case No.: | 16-25638 (MBK) |
| Caption of Order: | Stipulation and Consent Order |

estate's rights to the Excluded Estate Assets. The Excluded Estate Assets will remain property of the Debtor's bankruptcy estate. As noted herein, the express intent of the Parties is that any funds recovered from the Spectrum Litigation be considered Excluded Estate Assets.

14. The parties agree that Buyer is acquiring only the Remnant Assets and that the Buyer is neither acquiring nor assuming any liabilities of the Debtor, the Trustee and/or the estate under this Stipulation and Consent Order.

15. As of the Effective Date, solely with respect to the Remnant Assets, and to the extent permitted by law, the Trustee irrevocably appoints the Buyer as its true and lawful party and authorizes the Buyer to act in the Trustee's stead, to demand, sue for, compromise, and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. The Trustee grants unto the Buyer full authority to do all things necessary to enforce the Remnant Assets and its rights thereunder pursuant to this Stipulation and Consent Order.

16. Any and all of the Trustee's affirmative obligations under this Stipulation and Consent Order shall terminate on the date on which an order is entered closing the Debtor's bankruptcy case, and therefore neither the Trustee nor any of the Trustee's professionals shall have any obligations to provide information, documents, or other material to the Buyer after the closing of the Debtor's bankruptcy case.

17. The Buyer does hereby warrant and represent that it has not previously assigned, sold, transferred, conveyed or otherwise disposed of any interest, in whole or in part, in any claim, charge, demand, judgment, cause of action, damage, loss, fee, cost, expense and/or liability of any nature whatsoever that the Buyer has, had or may have against the Debtor, the bankruptcy estate, the Trustee, the Trustee's professionals, whether known or unknown, choate or inchoate, fixed or contingent, at law, admiralty, in equity, or otherwise, or whether based on common law or any federal or state statute,

rule or regulation, whether suspected or unsuspected, or whether now or previously recognized, to any other person.

18. The Buyer hereby withdraws, dismisses, releases, waives, and forever discharges with prejudice, any scheduled claim, any proof of claim, or any claim of any type whatsoever, asserted or unasserted, whether filed before or after the date hereof, and any other claim or cause of action of any type or nature, whether known or unknown, suspected or unsuspected, against the estate, the Trustee, the Trustee's professionals, *including, but not limited to*, any claims arising under Bankruptcy Rule 9011, Rule 11 of the Federal Rules of Civil Procedure, and any claim that it is or may be entitled to under section 502 of the Bankruptcy Code, and any and all such claims are hereby permanently, disallowed and irrevocably expunged. The Buyer further waives any and all objections to the fee applications of the Trustee and Trustee's counsel. The Buyer represents and warrants that it will not directly or indirectly, encourage any individual and/or entity to assert any claim against the Trustee, the Trustee's professionals, and/or the estate. The Buyer agrees that this Stipulation and Consent Order shall be construed as a covenant not to sue, institute, or instigate (or cause, facilitate, or encourage the commencement of) any lawsuit (whether in law or at equity), administrative, regulatory, or self-regulatory investigation or proceeding, and/or any other action relating to any conduct by the estate, the Trustee, and/or the Trustee's professionals. Nothing in this release should be viewed as a waiver to the Buyer's rights and claims to the Remnant Assets which are preserved to the Buyer.

19. The Trustee sells, assigns, and transfers the Remnant Assets to the Buyer "as is, where is" without any representation and/or warranties whatsoever, whether express, implied, and/or imposed by law. The Buyer expressly notes, the sale of the Remnant Assets are "as is, where is" whereby the Buyer is purchasing whatever interest the estate has in the Remnant Assets, with the Trustee making no warranties and/or representations of any kind.

| | |
|---|---|
| Debtor: | H&J Ventures, LLC |
| Case No.: | 16-25638 (MBK) |
| Caption of Order: | Stipulation and Consent Order |

20. In consideration of the Purchase Payment and upon entry of an order by the Bankruptcy Court approving this Stipulation and Consent Order and the performance of all obligations under this Stipulation and Consent Order by the Buyer, the Trustee, in his capacity as the Trustee of the Debtor's bankruptcy estate, hereby transfers and coveys any and all interests, claims, rights, causes of action, title, and ownership the Trustee holds in the Remnant Assets to the Buyer.

21. Upon the Effective Date and the payment of the Purchase Payment to the Trustee by the Buyer, the Buyer shall be responsible, at its sole cost and expense, to collect on and/or exercise any rights and/or claims it may as to the Remnant Assets.

22. ***This Stipulation and Consent Order is not meant in any way to resolve any claims the Trustee and/or the estate may have against persons or entities and/or any parties not a signatory to this Stipulation and Consent Order.***

23. It is understood that this Stipulation and Consent Order embodies a compromise and it is not to be construed, and is not intended, as an admission or suggestion that any valid claim or cause of action exists by either party and/or that any valid defense exists to any such claim or cause of action by either party. In the event that this Stipulation and Consent Order is not approved by the Bankruptcy Court for any reason, or this Stipulation and Consent Order is otherwise deemed invalid as a result of a breach of this Stipulation and Consent Order, each party reserves all of their rights to assert any applicable claims, causes of action and defenses as against each other, the Parties, any entity or person, and/or any other party in interest.

24. Each party agrees that they shall bear their own costs and fees as it relates in any way to this Stipulation and Consent Order.

25. This Stipulation and Consent Order shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New Jersey and

applicable federal law, without giving effect to choice of law principles of the New Jersey as to the Remnant Assets.

26. The Bankruptcy Court for the District of New Jersey shall retain jurisdiction over the terms and conditions of this Stipulation and Consent Order, and any and all disputes, claims or actions based upon this Stipulation and Consent Order, shall be heard exclusively by the Bankruptcy Court in the District of New Jersey.

27. No failure or delay by either party in exercising any right, power, or privilege under this Stipulation and Consent Order or applicable law shall operate as a waiver against that party.

28. The invalidity, illegality, or unenforceability of any provision of this Stipulation and Consent Order shall not affect any other provision of this Stipulation and Consent Order, which shall remain in full force and effect and which shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

29. This Stipulation and Consent Order constitutes the entire agreement between the Parties, and this Stipulation and Consent Order cannot be orally altered, amended, or superseded except upon written consent of the Parties hereto. It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Stipulation and Consent Order be construed as an integrated document.

30. This Stipulation and Consent Order was drafted by all the Parties, and therefore the rule of law that stands for the proposition that ambiguities contained within an agreement are to be construed against the drafter thereof is inapplicable.

31. This Stipulation and Consent Order shall be binding upon and inure to the benefit of the successors and assigns of the Parties hereto.

Debtor: H&J Ventures, LLC
Case No.: 16-25638 (MBK)
Caption of Order: Stipulation and Consent Order

---

32. The persons signing below each represent and warrant that they have the authority to enter into and perform under this Stipulation and Consent Order on behalf of the party on whose behalf they so sign or represent.

33. The Parties have independently verified all facts and/or conditions of facts that they have determined are necessary to their decision to enter into this Stipulation and Consent Order, and they have not, except as noted herein, relied upon any representations, written or oral, express or implied, of any other party or person in verifying and satisfying themselves as to such facts and/or condition of facts. Rather, the Parties to this Stipulation and Consent Order relied upon their own judgment, beliefs and interest and the advice of their own counsel, and had a reasonable period of time to consider this Stipulation and Consent Order.

34. The Buyer acknowledges that its attorney has advised the Buyer of the legal import and consequences of this Stipulation and Consent Order and/or that it has had the opportunity to consult legal counsel as to this Stipulation and Consent Order and/or related issues.

35. This Stipulation and Consent Order may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the party so signing, and it shall not be necessary or required that the signatures of all parties appear on a single signature page hereto. It shall not be necessary, in making proof of the Stipulation and Consent Order, to produce or account for more than one (1) counterpart.

36. A facsimile and/or PDF signature on this Stipulation and Consent Order shall be deemed to be an original signature for all purposes. In the event that a suit or proceeding is brought to enforce the terms of this Stipulation and Consent Order, the plaintiff or movant shall not be required

to produce or introduce into evidence a copy of this Stipulation and Consent Order bearing original signatures of the Parties, other than facsimile signatures and/or PDF signatures.

37. The Parties hereto shall execute and deliver such other and further documents and perform such other and further acts as may be reasonable, necessary and/or customary in order to consummate the transactions contemplated by this Stipulation and Consent Order.

**IN WITNESS WHEREOF,** each of the parties below has executed and delivered this Stipulation and Consent Order as of the date written below.

**AGREED AND STIPULATED:**

**McDonnell Crowley, LLC**
*Counsel to John M. McDonnell, not individually or personally, but as Chapter 7 Trustee of the estate of H&J Ventures, LLC*

By: _____

Name: BRIAN T. CROWLEY

Date: 6/19/2019

**Pier House Capital, LLC**
*Counsel to the Buyer, and Authorized Party to execute this Stipulation and Consent Order*

By: _____

Name: LYMAN BRADFORD IV

Date: 05-28-2019